IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| **CAMERON REGIONAL MEDICAL CENTER, INC.,** | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. _____ |
| v. | )<br>) |
| **CORIZON HEALTH, INC., and CORIZON, LLC,** | )<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff, Cameron Regional Medical Center, Inc. ("CRMC"), by and through undersigned counsel, hereby alleges as follows against Defendants Corizon Health, Inc., and Corizon, LLC (collectively referred to as "Corizon").

## **PARTIES**

1. Plaintiff CRMC is a Missouri corporation with its principal place of business and corporate headquarters located at 1600 East Evergreen Street, Cameron, Missouri 64429. CRMC operates a full-service acute care facility that is organized and existing pursuant to the laws of the State of Missouri.

2. Defendant Corizon Health, Inc., is incorporated in the State of Texas and has a principal place of business in Tennessee. Corizon Health Inc.'s corporate headquarters is listed as 103 Powell Court, Suite 104 in Brentwood, Tennessee. Corizon Health, Inc., is engaged in the business of practicing medicine and providing correctional health care throughout the United States, including in the State of Missouri. Corizon Health, Inc., may be served through its Registered Agent, C T Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

3. Upon information and belief, Defendant Corizon Health, Inc., recently merged with Defendant Corizon, LLC, leaving Corizon Health, Inc., as the surviving entity. Corizon, LLC, may be served through its Registered Agent, C T Corporation System, 120 South Central Avenue, Clayton, Missouri 63105. (Corizon Health, Inc., and Corizon, LLC, collectively referred to as "Corizon").

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 23 U.S.C. § 1332(a) because this is a civil action between parties whose citizenship is diverse, and the amount in controversy exceeds $75,000.000.

5. This Court has personal jurisdiction over Defendants because they have transacted business and entered into contracts in the State of Missouri.

6. Corizon has entered into contracts with the Missouri Department of Corrections since 1992. *See* http://www.corizonhealth.com/Corizon-News/connections/missouri-department-of-corrections-extends-contract-with-corizon-health (last accessed Aug. 23, 2022).

7. The claims asserted against Defendants arise out of and relate to their activities in, directed at, and producing consequences in the State of Missouri.

8. Venue is proper in this forum pursuant to 28 USC § 1339 because a substantial part of the events giving rise to the claims asserted in this action occurred in the St. Joseph Division of the Western District of Missouri, and the harm to CRMC has occurred and will continue to occur in this Division.

## FACTUAL ALLEGATIONS

9. Corizon, under its prior registered name of Corizon, LLC, entered into a Hospital Services Agreement (the "Agreement") with CRMC dated January 1, 2015. The Agreement is attached hereto as **Exhibit A**. The Agreement and references to the Agreement in this Complaint

2

OP 3327432.5

Case 5:22-cv-06122-BCW   Document 1   Filed 11/08/22   Page 2 of 8

are redacted because the Agreement states that its terms are confidential. CRMC contends that the Complaint and the Agreement should be filed unredacted, and is prepared to do so with a waiver of confidentiality from Corizon or an order of the Court.

10. █████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████

11. █████████████████████████████████████████████
█████████████████████████████████████████████████
███████████████████████████████████████

12. █████████████████████████████████████████████
█████████████████████████████████████████████████
██████████████████

13. █████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████

14. █████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████

15. █████████████████████████████████████████████
█████████████████████████████████████████████████
████

16. In accordance with the Agreement, CRMC provided health care services to Patients and properly submitted timely Completed Claims to Corizon.

17. Additionally, CRMC used the most current procedural (CPT) and HCPCS codes on the forms and abided by all AMA/CPT code billing standards, CMS guidelines, rules, and regulations that are applicable (including inclusive procedure codes, prospective payment system OPPS, and/or automated payment classification APC).

18. Beginning in 2021, Corizon did not pay CRMC for all Completed Claims submitted to Corizon.

19. CRMC notified Corizon of its failure to timely pay Completed Claims pursuant to the Agreement. On multiple occasions, CRMC communicated with Corizon regarding outstanding amounts owed by Corizon in 2021.

20. Corizon did not inform CRMC that the unpaid claims were deficient in any way. To the contrary, Corizon provided updates to CRMC on multiple occasions, including in July and August 2021, stating Corizon would continue paying CRMC for services provided.

21. Nevertheless, Corizon has not paid CRMC for outstanding Completed Claims totaling at least $575,906.96.

## COUNT I: BREACH OF CONTRACT

22. CRMC realleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

23. CMRC and Corizon are parties to a valid and enforceable contract, the Agreement (Exhibit A).

24. CRMC substantially performed its obligations under the terms of the Agreement.

25. CRMC timely submitted Completed Claims to Corizon pursuant to the terms of the Agreement.

OP 3327432.5

26. Corizon failed to pay CRMC all outstanding submitted Completed Claims.

27. As such, Corizon's non-payment of outstanding Completed Claims constitutes breaches of the Agreement.

28. As a direct and proximate result of Corizon's breaches of the Agreement, CRMC has sustained damages of at least $575,906.96 that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

29. Alternatively, Corizon breached the implied covenant of good faith and fair dealing.

30. CRMC realleges and incorporates by reference paragraphs 1-29 as though fully set forth herein.

31. CRMC and Corizon are parties to a valid and enforceable contract, the Agreement (Exhibit A).

32. CRMC timely submitted Completed Claims to Corizon for Health Care Services provided to Patients in accordance with the terms of the Agreement.

33. CRMC expected to receive payment for the Completed Claims submitted to Corizon.

34. Despite CRMC's expectation of payment for the Completed Claims, Corizon decided to withhold payment from CRMC.

35. Corizon's decision to withhold payment for Completed Claims evades the spirit of the Agreement so as to deny CRMC the expected benefit of payment for Completed Claims for Health Care Services provided to Patients.

36. As a result of the aforementioned conduct, Corizon breached the Agreement's implied covenant of good faith and fair dealing.

OP 3327432.5

37. Accordingly, Corizon's breach of the implied covenant of good faith and fair dealing directly and proximately caused CRMC's damages of at least $575,906.96 that are continuing in nature in an amount to be determined at trial.

## COUNT III: QUANTUM MERUIT

38. Alternatively, Corizon must return in quantum meruit the value of the services provided to Patients.

39. CRMC realleges and incorporates by reference paragraphs 1-38 as though fully set forth herein.

40. CRMC provided health care services to Patients at the request of Corizon.

41. The health care services provided by CRMC had a reasonable value based on the amount of CRMC's charges.

42. CRMC demanded payment multiple times from Corizon, but Corizon refuses to pay.

43. The unreimbursed charges for health care services provided by CRMC to Patients is at least $1,531,308.25.

44. Accordingly, CRMC provided a benefit in the form of health care services to Corizon with a reasonable value of at least $1,531,308.25, for which Corizon has not paid. CRMC's damages are continuing in nature and will be determined at trial.

## COUNT IV: UNJUST ENRICHMENT

45. Alternatively, Corizon was unjustly enriched when it retained CRMC to provide health care services to Patients, those services were provided, which benefitted Corizon, and it would be unjust for Corizon to retain the value of those benefits without paying for the services.

46. CRMC realleges and incorporates by reference paragraphs 1-45 as though fully set forth herein.

OP 3327432.5

47. Corizon was obligated by its contract with the Missouri Department of Corrections to provide health care services to Patients.

48. CRMC agreed to provide health care services to Patients at the request of Corizon, which satisfied Corizon's obligations under its contract with the Missouri Department of Corrections, thereby benefiting Corizon.

49. CRMC provided health care services to Patients, for the benefit of Corizon, and at CRMC's expense.

50. It would be unjust for Corizon to retain the benefit of the value of the services provided.

51. The unreimbursed charges for health care services provided by CRMC to Patients is at least $1,531,308.25.

52. Accordingly, CRMC provided a benefit in the form of health care services to Corizon with a reasonable value of at least $1,531,308.25, for which Corizon has not paid and it would be unjust to allow it to retain that benefit. CRMC's damages are continuing in nature and will be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief and judgment against Corizon as follows:

(a) For a judgment against Corizon for the causes of action alleged against it;

(b) For damages in an amount to be proven at trial;

(c) For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d) For Plaintiff's costs incurred; and

(e) For such other relief in law or equity as the Court deems just and proper.

OP 3327432.5

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable.

Dated: November 8, 2022

                                            Respectfully submitted,

                                            **SPENCER FANE LLP**

                                            */s/ Mark A. Cole*
                                            Blane R. Markley, MO #59334
                                            Mark A. Cole, MO # 59809
                                            6201 College Blvd, Suite 500
                                            Overland Park, KS 66211
                                            Telephone: (913) 345-8100
                                            Facsimile: (913) 345-0736
                                            bmarkley@spencerfane.com
                                            mcole@spencerfane.com

                                            *Attorneys for Plaintiff*
                                            *Cameron Regional Medical Center, Inc.*

OP 3327432.5