**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

CAMERON REGIONAL MEDICAL ) 
CENTER, INC., ) 
                ) 
           Plaintiff, ) 
                ) 
v. )       Case No. 5:22-CV-06122-BCW
                ) 
CORIZON HEALTH, INC., et al., ) 
                ) 
           Defendants. ) 

## <u>ORDER</u>

Before the Court is counsel for Defendant Tehum Care Services, Inc. doing business as Corizon Health, Inc.'s Motion for Leave to Withdraw. (Doc. #41). The Court, being duly advised of the premises, and having discussed the motion with the parties during a status conference on June 24, 2026, grants said motion.

In December 2022, Plaintiff Cameron Regional Medical Center, Inc. ("Plaintiff") filed an Amended Complaint against Defendants Corizon Health, Inc., Corizon, LLC, Tehum Care Services, Inc., CHS TX, Inc., and YesCare Corp. (Doc. #8). In February 2023, Tehum Care Services, Inc., formerly known as Corizon Health, Inc. ("Tehum"), filed a Suggestion of Bankruptcy and Notice of Automatic Stay, notifying the Court of these Defendants' Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of Texas. (Doc. #14). This Court thus stayed the above-captioned case, pending resolution of Tehum's Chapter 11 bankruptcy. (Doc. #15).

1

In March 2025, the parties indicated to the Court that Tehum's bankruptcy case had been resolved, and the parties had agreed to a Joint Chapter 11 Plan with an effective date of April 2, 2026. (Doc. #33).

In May 2025, the Court issued an Order for Plaintiff to Show Cause why the above-captioned case should not be administratively closed in light of the settlement of Tehum's bankruptcy case. (Doc. #37). Plaintiff timely responded, arguing this Court should not administratively close this case, since the structure of the Chapter 11 Plan contemplated full release of Plaintiff's claims against Tehum and its affiliates only after completion of a 30-month long payment schedule that would not be complete until late 2027. (Doc. #38).

On July 25, 2025, the Court issued an Order administratively closing the above-captioned case, providing that Plaintiff could file a motion to re-open, if Tehum and its affiliated entities defaulted on their obligations under the bankruptcy settlement. (Doc. #39).

On March 25, 2026, Plaintiff filed such a motion to re-open, indicating Tehum's failure to make timely payments as required under the bankruptcy settlement. (Doc. #40). In support of the motion to re-open, Plaintiff filed the "Notice of Failure to Cure Settlement Default; Automatic Termination of Channeling Injunction; and Deadline to Commence Causes of Action Against Released Parties" filed by Trusts in the bankruptcy case. (Doc. #40-1). The Notice states, pursuant to the bankruptcy settlement agreement, based on the default, claims against Tehum and related entities could move forward. (Doc. #40-1).

Counsel for Tehum's motion to withdraw as counsel comes before the Court within this procedural context. Counsel of record for Tehum, Corizon Health, Inc., and Corizon, LLC, R. Thomas Warburton, seeks leave to withdraw as counsel under L.R. 83.2. (Doc. #41).

"The Court may grant [a motion for leave to withdraw as counsel] only upon a showing of good cause, which can be shown by entry of appearance of substitute counsel." L.R. 83.2.

Counsel argues good cause exists for the Court to grant his motion for leave to withdraw because "Tehum has failed to fulfill its obligations to counsel, specifically failing to pay its counsel's legal bills." (Doc. #41). Counsel further argues good cause exists based on his communications with the bankruptcy trustee, who represents other counsel would "file a limited notice of appearance on behalf of Tehum and file a statement providing Tehum's position on why the Chapter 11 Plan continues to enjoin the filing or continuation of any suit against Tehum (including this lawsuit), notwithstanding the default of certain parties' settlement obligations in the underlying bankruptcy." (Doc. #41 at 2).

Under the circumstances presented here, and specifically that counsel is not in a position to represent the interests of Tehum, Corizon Health, Inc. and/or Corizon, LLC after the default under the bankruptcy settlement as it relates to Plaintiff's motion to re-open, the Court finds good cause to grant leave to withdraw under L.R. 83.2. Accordingly, it is hereby

ORDERED counsel for Defendant Tehum Care Services, Inc. doing business as Corizon Health, Inc.'s Motion for Leave to Withdraw (Doc. #41) is GRANTED. R. Thomas Warburton is granted leave to withdraw as counsel for Tehum Care Services, Inc., Corizon Health, Inc., and Corizon, LLC. **Counsel will deliver a copy of this Order on these Defendants**. It is further

ORDERED because a corporation may not proceed without legal representation, Tehum Care Services, Inc., Corizon Health, Inc., and Corizon, LLC must secure substitute counsel immediately. <u>Carr Ents., Inc. v. United States</u>, 689 F.2d 952, 953 (8th Cir. 1983). **Substitute counsel shall enter an appearance for these Defendants within 10 days of the date of this**

**Order. If substitute counsel does not timely appear as set forth, these Defendants may be held in default without further notice.** It is further

**ORDERED within 21 days of the date of this Order, substitute counsel for Tehum Care Services, Inc., Corizon Health, Inc., and Corizon LLC will file a response to Plaintiff's Motion to Re-Open (Doc. #40).** It is further

ORDERED this matter is scheduled for telephone conference on **August 13, 2026 at 10:00 a.m.**

IT IS SO ORDERED.


DATE: <u>July 2, 2026</u>                                    /s/ Brian C. Wimes
                                                            BRIAN C. WIMES, CHIEF JUDGE
                                                            UNITED STATES DISTRICT COURT