**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| CAMERON REGIONAL MEDICAL CENTER, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:22-CV-06122-BCW |
| CORIZON HEALTH, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Re-Open. (Doc. #40). The Court, being duly advised of the premises, grants said motion.

In December 2022, Plaintiff Cameron Regional Medical Center, Inc. ("Plaintiff") filed an Amended Complaint against Defendants Corizon Health, Inc., Corizon, LLC, Tehum Care Services, Inc., CHS TX, Inc., and YesCare Corp. (Doc. #8). In February 2023, Tehum Care Services, Inc., formerly known as Corizon Health, Inc. ("Tehum"), filed a Suggestion of Bankruptcy and Notice of Automatic Stay, notifying the Court of these Defendants' Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of Texas. (Doc. #14). This Court thus stayed the above-captioned case, pending resolution of Tehum's Chapter 11 bankruptcy. (Doc. #15).

In March 2025, the parties indicated to the Court that Tehum's bankruptcy case had been resolved, and the parties had agreed to a Joint Chapter 11 Plan with an effective date of April 2, 2026. (Doc. #33).

1

In May 2025, the Court issued an Order for Plaintiff to Show Cause why the above-captioned case should not be administratively closed in light of the settlement of Tehum's bankruptcy case. (Doc. #37). Plaintiff timely responded, arguing this Court should not administratively close this case, since the structure of the Chapter 11 Plan contemplated full release of Plaintiff's claims against Tehum and its affiliates only after completion of a 30-month long payment schedule that would not be complete until late 2027. (Doc. #38).

On July 25, 2025, the Court issued an Order administratively closing the above-captioned case, providing that Plaintiff could file a motion to re-open, if Tehum and its affiliated entities defaulted on their obligations under the bankruptcy settlement. (Doc. #39).

On March 25, 2026, Plaintiff filed such a motion to re-open, indicating Tehum's failure to make timely payments as required under the bankruptcy settlement. (Doc. #40). In support of the motion to re-open, Plaintiff filed the "Notice of Failure to Cure Settlement Default; Automatic Termination of Channeling Injunction; and Deadline to Commence Causes of Action Against Released Parties" filed by Trusts in the bankruptcy case. (Doc. #40-1). The Notice states, pursuant to the bankruptcy settlement agreement, based on the default, claims against Tehum and related entities could move forward. (Doc. #40-1).

On April 1, 2026, counsel for Tehum filed a motion for leave to withdraw. (Doc. #41). After a telephone conference on June 24, 2026, the Court granted counsel's motion. (Doc. #48). The Order, dated July 2, 2026, directed substitute counsel to enter an appearance for Tehum by July 12, 2026, and Tehum to respond to the instant motion to re-open by July 23, 2026. (Doc. #48).

As of the date this Order, substitute counsel has not entered an appearance for Tehum, nor has Tehum timely responded to the Plaintiff's motion to re-open. (Doc. #40). Accordingly, it is hereby

ORDERED Plaintiff's Motion to Re-Open the case. (Doc. #40) is GRANTED. The Clerk

of the Court is directed to lift the administrative closure of this matter. (Doc. #39).

IT IS SO ORDERED.


DATE: August 7, 2026                          /s/ Brian C. Wimes
                                              BRIAN C. WIMES, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

3